**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**FAMILY HEALTH CENTERS OF**
**SOUTHWEST FLORIDA, INC.,**
a Florida corporation,

      Plaintiff,

  v.                          **CIVIL ACTION NO. _____**

**BEST CARE COMMUNITY AND**
**FAMILY HEALTH CENTER, INC.,**
a Florida corporation, **EMLYN LOUIS,**
an individual, and **VARIOUS JOHN DOES,**
**JANE DOES** and **ABC COMPANIES**,

      Defendants.

_____/

**VERIFIED COMPLAINT**
**DECLARATORY RELIEF REQUESTED, INJUNCTIVE RELIEF**
**REQUESTED, AND DAMAGES REQUESTED**

Plaintiff **FAMILY HEALTH CENTERS OF SOUTHWEST FLORIDA, INC.** (hereinafter "Plaintiff" or "**FAMILY HEALTH CENTERS**"), by and through the undersigned counsel, hereby files this Complaint against Defendants **BEST CARE COMMUNITY AND FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, and **VARIOUS JOHN DOES, JANE DOES,** and **ABC**

4616425.v3

**COMPANIES** (hereinafter "Defendants") for Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin and False Description, Federal False Advertising, Florida Unfair Competition, False Designation of Origin, False Description, and Unjust Enrichment, and alleges the following:

## JURISDICTION

1.  This is a Complaint for Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin and False Description, Federal False Advertising, Florida Unfair Competition, False Designation of Origin, False Description, and Unjust Enrichment.

2.  This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a), 15 U.S.C. §1125, and the principles of pendent jurisdiction.

3.  The matter in controversy exceeds, exclusive of interest and costs, the sum of **five million dollars ($5,000,000.00)**.

4.  Venue is proper in this judicial district, and in this division, pursuant to 28 U.S.C. §§1391 and 1400(a) in that Plaintiff's claim arises in this district and division.

## PARTIES

5.  Plaintiff **FAMILY HEALTH CENTERS** is a corporation organized and existing under the laws of the State of Florida, having its principal place

4616425.v3

of business in Fort Myers, Florida.

6.      Upon information and belief, Defendant **BEST CARE COMMUNITY AND FAMILY HEALTH CENTER, INC.**, is a Florida corporation having its principal place of business at 2718 Lee Blvd., Suite B, Lehigh Acres, Florida 33971.

7.      Upon information and belief, Defendant **BEST CARE COMMUNITY AND FAMILY HEALTH CENTER, INC.**, has committed the acts complained of herein in this District and division.

8.      Upon information and belief, Defendant **EMLYN LOUIS** is an individual, and at all times material to the issues presented herein, was the principal of, as well as the conscious, active, and dominant force behind the illegal acts of the Defendants.

9.      Upon information and belief, Defendant **EMLYN LOUIS,** an individual, has committed the acts complained of herein in this District and division.

10.     Upon information and belief, Defendants **VARIOUS JOHN DOES, JANE DOES** and **ABC COMPANIES** are individuals and business entities engaged in the acts alleged herein together with the named Defendants.  The identities of these Defendants presently are not and cannot be known to Plaintiff.

4616425.v3

## FACTUAL BACKGROUND

### Plaintiff's Remarkable Success in the Healthcare and Medical Services Field

11.    Plaintiff **FAMILY HEALTH CENTERS** is a highly successful and leading primary health care and medical services organization, providing medical, dental, pediatric, geriatric, optometry, podiatry, behavioral health and women's health in this District and throughout Southwest Florida.

12.    Plaintiff's services are rendered to improve patient outcomes by providing primary health care, preventive health care, disease management and health related educational services to everyone.

13.    Plaintiff works with various communities to identify, plan, and deliver a wide variety of health care services meeting the needs of patients everywhere.

14.    Plaintiff is well-known and recognized under its **FAMILY HEALTH CENTERS**™ mark in the State of Florida and this District and division, to the relevant consuming public for Plaintiff's services.

15.    Plaintiff employs over 650 healthcare workers.   In 2022 alone, Plaintiff provided health care services to over 100,000 unique patients and has provided 350,000 clinical patient visits and thousands of telehealth visits in addition and over 50,000 children received primary medical and

dental services under Plaintiff's **FAMILY HEALTH CENTERS**™ protected brand.   Plaintiff's dedicated staff of doctors and midwives delivered of 1700 babies in 2022 alone.

16.   Plaintiff's **FAMILY HEALTH CENTERS**™ protected brand distinguishes and identifies thirty-five separate locations and four pharmacies throughout Southwest Florida under Plaintiff's **FAMILY HEALTH CENTERS**™ protected brand which is shown in the pictures below.



4616425.v3





4616425.v3







4616425.v3





Family Health Centers of Southwest Florida, Inc. will work with the various communities to identify, plan, and deliver a variety of health care services which will meet the needs of those communities.





4616425.v3



17.   Plaintiff has received numerous quality awards and recognitions for the high level of quality care and services provided to patients.

18.   Plaintiff's philosophy of providing the highest quality services in its field has made Plaintiff a leader in the medical field.

**Plaintiff's FAMILY HEALTH CENTERS™ Mark**

19.   Plaintiff is the owner of all right, title and interest in and to the mark FAMILY HEALTH CENTERS for medical clinics in the Southwest Florida geographical area with use thereof dating to at least as early as 1977 (herein the "**FAMILY HEALTH CENTERS**™ Mark").

20.   Plaintiff's services have been widely advertised, promoted, and extensively offered throughout the Southwest Florida area, under the

FAMILY HEALTH CENTERS™ Mark, which has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services, and its valuable goodwill, and has been used to advertise, promote, and market its medical clinics.

21. Plaintiff enjoys an enviable reputation in its industry due in large part to its use of, and rights in, the FAMILY HEALTH CENTERS™ Mark, as well as the superior quality of the Plaintiff's services.

22. Plaintiff's enviable reputation in its industry is also due to its great investment and expenditure by Plaintiff to develop and protect its high-quality medical clinic  services.  As a result of Plaintiff's investment, the FAMILY HEALTH CENTERS™ Mark has become synonymous with high-quality medical clinic services.

## The Illegal Acts of the Defendants

23. Defendants are operating medical clinics in the same geographical area using the identical mark BEST CARE COMMUNITY AND FAMILY HEALTH CENTER for the same services as Plaintiff with a principal place of business listed as 2718 Lee Blvd., Suite B, Lehigh Acres, Florida 33971 as shown below:

4616425.v3





4616425.v3

**6 Locations To Choose From!**

Mon-Fri, 8:30am to 5pm
Saturday By Appointment
Closed Sunday



**Call Today**
239-332-0407

HOME          ABOUT          SERVICES          COMMUNITY          CONTACT



**Best Care Community & Family Health Center**

A Clinic For Your Entire Family & Solutions For All Your Primary Care Needs. Now Providing the Best Care in Four Locations. Schedule your visit today.

4616425.v3



4616425.v3



**Call Today**
239-332-0407

HOME          ABOUT          SERVICES



4616425.v3



**Defendants' Use of the Infringing Mark**

24.    The Defendants are currently marketing and advertising the Illegally Branded Business under the mark "BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER** (herein the "Infringing Mark").

25.    Defendants' medical clinics bearing the Infringing Mark have very recently moved into the same geographical area as Plaintiff and is positioned to wrongly trade upon the Plaintiff's valuable trademark

4616425.v3

rights and to suggest an affiliation, sponsorship or false connection with Plaintiff.

26. Defendants, with actual knowledge and notice of Plaintiff's rights in the **FAMILY HEALTH CENTERS**™ Mark, created, orchestrated, installed, displayed and advertised signage and related usage of the Infringing Mark on buildings, structures, commercial establishments and/or the like in close proximity to Plaintiff's medical clinics.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§1125 et seq.)**

27. The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

28. Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Mark on commercial property advertised to the public, located in the Southwest Florida area, are causing, and/or are likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. § 1125.

29. Upon information and belief, at all times material to the issues presented herein, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, had actual, prior knowledge of Plaintiff, and Plaintiff's rights

and extensive success in connection with Plaintiff's **FAMILY HEALTH CENTER**™ Mark.

30.   Upon information and belief, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual**,** have been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Mark in direct contravention of Plaintiff's rights. Defendants' use of the Infringing Mark includes, without limitation, those acts set forth above herein.

31.   Defendants' infringing advertising and signage, very recently adopted for use and installed at Defendants' medical clinics, is in very close proximity to Plaintiff's medical clinics, located throughout Southwest Florida.

32.   Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

33.   The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

34.   By publishing, utilizing, displaying and distributing this advertising, Defendants have infringed the trademark rights of Plaintiff so as to

Page 17

create confusion, the likelihood of confusion, and/or to cause mistake, or misrepresent the nature, characteristics, and/or qualities of Defendants' services.

35. Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into believing that Defendants' services are associated with Plaintiff's services.

36. The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

37. Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

38. Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

39. Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the

4616425.v3

general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's valuable reputation.

40. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1125, and other laws.

41. Plaintiff is further entitled to recover from Defendants the damages, including interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

42. Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

43. As a result, Plaintiff has suffered damages with interest.

44. Plaintiff has no adequate complete remedy at law.

4616425.v3

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

45.     The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

46.     Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Mark, the installation of one or more exterior public-facing signs on commercial property advertised to the public, located in the Southwest Florida area, as well as Defendants' use of the Infringing Mark while having notice of Plaintiff's rights, constitute unfair competition which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.§1125(a), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

47.     Upon information and belief, at all times material to the issues presented herein, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, had actual, prior knowledge of Plaintiff, and Plaintiff's rights and extensive success in connection with Plaintiff's **FAMILY HEALTH CENTERS**™ Mark.

48. Upon information and belief, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, have been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Mark in direct contravention of Plaintiff's rights. Defendants' use of the Infringing Mark includes, without limitation, those acts set forth above herein.

49. Defendants' infringing advertising signage, very recently installed at Defendants' medical clinics, is in very close proximity to Plaintiff's medical clinics located in Southwest Florida.

50. Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

51. The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

52. By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Defendants' services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Defendants' services.

4616425.v3

53.   Defendants, upon information and belief, with full knowledge of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into believing that Defendants' services are associated with Plaintiff's services.

54.   The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

55.   Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

56.   Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

57.   Defendants' unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's valuable reputation.

4616425.v3

58. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1125, and other laws.

59. Plaintiff is further entitled to recover from Defendants the damages, including interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

60. Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

61. As a result, Plaintiff has suffered damages with interest.

62. Plaintiff has no adequate complete remedy at law.

## COUNT III
## FEDERAL FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION
## (15 U.S.C. §1125(a)(1)(a))

63. The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

4616425.v3

64.   Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Mark, the installation of one or more exterior public-facing signs on commercial property advertised to the public, located in the Southwest Florida area, as well as Defendants' use of the Infringing Mark while having notice of Plaintiff's rights, constitute federal false designation of origin and/or false description, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. §1125(a)(1)(a).

65.   Upon information and belief, at all times material to the issues presented herein, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, had actual, prior knowledge of Plaintiff, and Plaintiff's rights and extensive success in connection with Plaintiff's **FAMILY HEALTH CENTERS**™ Mark.

66.   Upon information and belief, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, have been actively engaged in the unauthorized, false, misleading, confusing, and deceptive display of the Infringing Mark in direct contravention of Plaintiff's rights.

4616425.v3

Defendants' use of the Infringing Mark includes, without limitation, those acts set forth above herein.

67. Defendants' infringing advertising signage, very recently installed at Defendants' medical clinics, is in very close proximity to Plaintiff's medical clinics located in throughout Southwest Florida.

68. Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

69. The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

70. By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Defendants' services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Defendants' services.

71. Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into believing that Defendants' services are associated with Plaintiff's services.

72. The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Defendants' services, and constitutes utilizing false descriptions or representations in commerce.

73. The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

74. Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

75. Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

76. Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's valuable reputation.

4616425.v3

77. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§ 1125, and other laws.

78. Plaintiff is further entitled to recover from Defendants the damages, including interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

79. Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

80. As a result, Plaintiff has suffered damages with interest.

81. Plaintiff has no adequate complete remedy at law.

<u>**COUNT IV**</u>
<u>**FEDERAL FALSE ADVERTISING**</u>
<u>**(15 U.S.C. §1125(a)(1)(b))**</u>

82. The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

83. Defendants' acts, as alleged herein, including the advertising,

4616425.v3

publishing, utilizing, displaying and distributing of the Infringing Mark, the installation of one or more exterior public-facing signage on commercial property, or other similar advertisements, advertised to the public, located in the Southwest Florida area, as well as Defendants' use of the Infringing Mark while having notice of Plaintiff's rights, constitute federal false advertising, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. §1125(a)(1)(b).

84. Upon information and belief, at all times material to the issues presented herein, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, an individual, had actual, prior knowledge of Plaintiff, and Plaintiff's rights and extensive success in connection with Plaintiff's **FAMILY HEALTH CENTERS**™ Mark.

85. Upon information and belief, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, have been actively engaged in the unauthorized, false, misleading, and deceptive display of the Infringing Mark in direct contravention of Plaintiff's rights.   Defendants' use of the Infringing Mark includes, without limitation, those acts set forth above

4616425.v3

herein.

86. Defendants' infringing advertising signage, very recently installed at Defendants' medical clinics, is in very close proximity to Plaintiff's medical clinics located throughout Southwest Florida.

87. Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

88. The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

89. By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Defendants' services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Defendants' services.

90. Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into believing that Defendants' services are associated with Plaintiff's services.

91. The unauthorized use of the false, misleading, and deceiving advertising

4616425.v3

causes irreparable injury to Plaintiff, including injury to its business reputation.

92. Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

93. Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

94. Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's valuable reputation.

95. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's rights, including Plaintiff's federally protected trademark rights pursuant, under 15 U.S.C. §§   1125, and other laws.

96. Plaintiff is further entitled to recover from Defendants the damages,

4616425.v3

including interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

97.   Defendants' acts as alleged herein, in violation of 15 U.S.C. §1125(a)(1)(b), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

98.   As a result, Plaintiff has suffered damages with interest.

99.   Plaintiff has no adequate complete remedy at law.

## COUNT V
## FLORIDA UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN
## FALSE DESCRIPTION
## (Florida Statutes §495.131 et seq.)

100.   The facts and allegations set forth in this Complaint, including Plaintiff's extensive rights as detailed herein, are the basis, for this Count.

101.   Defendants have engaged in the transaction of business and the commission of tortious acts in Florida and are subject to the jurisdiction of this Court pursuant to Florida Statutes §495.131 et seq.

102.   Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Mark, the installation of one or more exterior public-facing signs on commercial property advertised to the public, located in the Southwest Florida area, as well as Defendants' use of the Infringing Mark while having notice of Plaintiff's rights, constitute unfair competition, a false designation of origin, a false and misleading description of fact or a false or misleading representation of fact, in violation of Florida law.

103.   Upon information and belief, at all times material to the issues presented herein, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, had actual, prior knowledge of Plaintiff, and Plaintiff's rights and extensive success in connection with Plaintiff's **FAMILY HEALTH CENTERS**™ Mark.

104.   Upon information and belief, Defendants BEST CARE COMMUNITY AND **FAMILY HEALTH CENTER, INC.**, a Florida corporation, **EMLYN LOUIS,** an individual, have been actively engaged in the unauthorized, false, confusing, misleading, and deceptive display of the Infringing Mark in direct contravention of Plaintiff's rights. Defendants' use of the Infringing Mark includes, without limitation,

4616425.v3

those acts set forth above herein.

105. Defendants' infringing advertising signage, very recently installed at Defendants' medical clinics, is in very close proximity to Plaintiff's medical clinics located throughout Southwest Florida.

106. Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

107. The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

108. By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Defendants' services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Defendants' services.

109. Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's services, intended to and did trade on the goodwill associated with Plaintiff's services and have misled and will continue to mislead the public into believing that Defendants' services are associated with Plaintiff's services.

110. The use by Defendants of the false, misleading and deceiving advertising

4616425.v3

constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Defendants' services, and constitutes utilizing false descriptions or representations in commerce.

111. The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

112. Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

113. Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's services or commercial activities.

114. Defendants' unlawful activity results in irreparable harm and injury to Plaintiff.   Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public; confuses the public as to the origin, sponsorship or approval of such services; and irreparably harms and injures Plaintiff's valuable reputation.

115. Plaintiff is entitled to an injunction restraining Defendants, their

4616425.v3

officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Florida Statutes §495.131 et seq.

116. Plaintiff is further entitled to recover from Defendants the damages, including, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.   At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

117. Defendants' acts as alleged herein, in violation of Florida Statutes §495.131 et seq., have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

118. As a result, Plaintiff has suffered damages with interest.

119. Plaintiff has no adequate complete remedy at law.

## COUNT VI
## UNJUST ENRICHMENT

120. Plaintiff's rights as set forth above in this Verified Complaint are the basis, in part for this Count.

121. If Defendants are allowed to retain the benefits they have gained through the use of the Infringing Mark without cessation and without

compensation to Plaintiff, Defendants are, and will continue to be, unjustly enriched.

122. Defendants' acts, as alleged herein have caused irreparable injury and damages to Plaintiff, and unless restrained and enjoined, will continue to do so.

123. As a result, Plaintiff has suffered irreparable harm and damages.

124. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants including:

    a.    a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

        i.    from directly or indirectly using the Infringing Mark or any confusingly similar variants, iterations, versions, or forms thereof, in any shape or manner, which may be likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

        ii.    from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or Plaintiff's **FAMILY HEALTH CENTERS**™ Mark, or as to the origin, sponsorship, or approval of its goods, services, or commercial activities, or causing injury to business reputation;

        iii.    from engaging in any acts of unfair competition and from implying a false designation of origin or a false description

or representation with respect to any mark of Plaintiff's **FAMILY HEALTH CENTERS**™ Mark;

iv.    from engaging in any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods or services as those of Plaintiff;

v.    from engaging in any acts of unfair competition, false or misleading descriptions of fact or false or misleading statements of fact that misrepresent the nature, characteristics and/or qualities of Defendants' goods or services;

vi.    from making any statements on promotional materials or advertising for the Defendants' goods or services which are false or misleading as to source or origin;

vii.    from directly or indirectly using the false and misleading advertisements and/or promotional material which are likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

viii.    from utilizing the false and misleading advertisements in any shape or manner;

ix.    from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear unauthorized, false and misleading photographs and/or statements, and from otherwise unfairly competing in any way with Plaintiff;

x.    to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in or comes to be in Defendants' respective possession, custody or control and which bear the unauthorized false and misleading material, including but not limited to, false and misleading photographs and/or statements;

xi.   to notify their direct customers, agents, and representatives that the herein-described advertisements do not accurately depict Plaintiff's   services;

vii.   to immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.   an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein;

all monetary damages suffered by Plaintiff, in an amount to be determined, including such statutory, enhanced or treble damages as may be applicable and as Plaintiff may be entitled;

c.   an Order requiring Defendants to disseminate pre-approved corrective advertising to all customers, prospective customers, agents and representatives to address the likelihood of confusion caused by Defendants' acts;

d.   an award of attorneys' fees and costs pursuant to 15 U.S.C. §1117;

e.   and such other and further interlocutory, equitable, monetary, and permanent relief as this Court may deem just and proper.

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the foregoing facts set forth in the above verified complaint are true and correct.

_David Koester_ (signature)

_David Koester_ (name)

As _Chief Operating Officer_ of Family Health Centers of Southwest Florida, Inc.

Date:   Executed on this _9th_ of October 2023

4616425.v2

Dated this 12th day of October 2023.

Respectfully submitted,

DENTONS COHEN & GRIGSBY P.C.

*/s/ Jason Hunter Korn*
Jason Hunter Korn, Esq.
Florida Bar No. 0066117
Email: jason.korn@dentons.com
Secondary: renee.ricci@dentons.com
Joshua A. Hajek, Esq.
Florida Bar No. 935441
Email: joshua.hajek@dentons.com
Secondary email: renee.ricci@dentons.com
Courtney A. DaSilva, Esq.
Florida Bar No. 1032733
Email: courtney.dasilva@dentons.com
Secondary: melanie.ortega@dentons.com
Mercato – Suite 6200
9110 Strada Place
Naples, FL   34108-2938
Telephone: (239) 390-1900
Facsimile: (239) 390-1901

*TRIAL COUNSEL for Plaintiff*
***FAMILY HEALTH CENTERS OF***
***SOUTHWEST FLORIDA, INC.***

4616425.v3